

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2011

# Pedro Calla-Collado v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-1624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Pedro Calla-Collado v. Atty Gen USA" (2011). *2011 Decisions.* Paper 374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**IMG-200** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1624
_____

PEDRO JESUS CALLA-COLLADO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-232-404)
Immigration Judge Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2011
Before:  RENDELL, JORDAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 12, 2011)
_____

OPINION
_____

PER CURIAM

Pedro Jesus Calla-Collado petitions for review of an order of the Board of

Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ")

ordering his removal.  For the following reasons, we will deny the petition for review.

Calla-Collado, a native and citizen of Peru, entered the United States in 2005. In September 2007, he was arrested for driving while intoxicated.[1] Calla-Collado was unlicensed. When he arrived at police headquarters, police contacted Immigration and Customs Enforcement ("ICE"), and was informed that Calla-Collado was an undocumented alien. Calla-Collado was then detained in New Jersey.

Calla-Collado was placed in removal proceedings, with charges under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. He was subsequently transferred to Oakdale, Louisiana. An IJ hearing was held in Louisiana on November 19, 2007, in which Calla-Collado, through his attorney, admitted to the allegations in the Notice to Appear ("NTA").[2] He also requested a change of venue to New Jersey, which was granted.

After venue was changed to New Jersey, Calla-Collado retained new counsel and filed a motion to withdraw the pleadings and a motion for an evidentiary hearing. The IJ did not rule on Calla-Collado's motions. The IJ found that Calla-Collado's admission waived the issues raised in his motions. Because Calla-Collado did not apply for any additional relief, the IJ ordered him removed from the United States to Peru. The BIA dismissed his appeal, finding that Calla-Collado failed to establish that his previous concession to removability should be suppressed, his rights were not violated when he was transferred to Louisiana, and that evidence of his alienage was not suppressible under

---

[1] The police report indicates that Calla-Collado struck a vehicle, curb, traffic sign, and utility pole while driving intoxicated.

[2] On November 6, 2007, Calla-Collado was released from ICE custody and returned to New Jersey. Consequently, he was not present at the Louisiana IJ hearing.

the Fourth Amendment. Calla-Collado filed a petition for review of the BIA's final order of removal.

We have jurisdiction under INA § 242(a), 8 U.S.C. § 1252(a)(1). Where the BIA issues a decision on the merits, we review only the BIA's decision. However, we will look to the IJ's analysis to the extent that the BIA deferred to or adopted it. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We "will uphold the findings of the BIA to the extent that they are supported by reasonable, substantial[,] and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). Our review of legal conclusions is de novo, subject to principles of deference. Wu v. Att'y Gen., 571 F.3d 314, 317 (3d Cir. 2009).

Calla-Collado essentially raises three arguments in his 55-page brief.[3] First, Calla-Collado alleges ineffective assistance of counsel.[4] He asserts that counsel conceded the

---

[3] We agree with Calla-Collado that the BIA's analysis of the suppression motions was unnecessary. The IJ's decision to remove Calla-Collado from the United States was based on Calla-Collado's admission to the allegations in the NTA, not on the information Calla-Collado alleged was improperly gathered from ICE at the time of his arrest. Thus, the suppression motions were immaterial to the IJ's decision to order Calla-Collado removed from the United States. See In re Velasquez, 19 I. & N. Dec. 377, 380 (BIA 1986).

[4] Although Calla-Collado did not use the term "ineffective assistance of counsel" in his brief to the BIA, Calla-Collado had argued to the BIA that counsel never discussed conceding the allegations. Thus, the BIA incorrectly stated that Calla-Collado did not raise a claim of ineffective assistance of counsel. Typically we would remand this issue to the BIA; however, when the outcome is clear as a matter of law, remand is not necessary. See Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005).

3

allegations in the NTA without his consent and therefore the admission is invalid. An alien is generally bound by the actions of his attorney. See Green v. Immigration & Naturalization Serv., 46 F.3d 313, 317 (3d Cir. 1995); Velasquez, 19 I. & N. Dec. at 382. "[W]hen an admission is made as a tactical decision by an attorney in a deportation proceeding, the admission is binding on [the] alien client and may be relied upon as evidence of deportability." Velasquez, 19 I. & N. Dec. at 382. Further, a claim of ineffective assistance of counsel requires that an alien demonstrate prejudice. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003).

The admission Calla-Collado's attorney made on his behalf was binding and did not prejudice Calla-Collado. Calla-Collado stated that he and his attorney discussed changing venue of the deportation proceeding to New Jersey. Although he alleges that he did not authorize his attorney to admit the allegations in the NTA, Calla-Collado acknowledged that conceding the allegations may have been a tactical decision by his attorney to obtain a change of venue. Additionally, Calla-Collado has not argued or proffered evidence that the admission was untrue or incorrect, and therefore cannot establish prejudice. Thus, Calla-Collado's  ineffective assistance of counsel claim fails.

Second, Calla-Collado argues that his motion to withdraw the pleadings[5] should have been granted because state police allegedly violated New Jersey Attorney General Directive 2007-3 ("AG Directive 2007-3")[6] by questioning him and contacting ICE

---

[5] It appears that Calla-Collado uses the terms "withdraw the pleadings" and "amend the pleadings" interchangeably.

4

outside of the booking process, citing In re Garcia-Flores, 17 I. & N. Dec. 325 (BIA 1980).[7] Garcia-Flores holds that deportation proceedings should be invalidated where an immigration regulation has been violated and violation of the regulation prejudiced the alien's interests that were protected by the regulation. 17 I. & N. Dec. at 328-29. Calla-Collado alleges that a State Attorney General Directive was violated, not an immigration regulation. Therefore, Garcia-Flores does not apply. Moreover, even assuming that Garcia-Flores applied to AG Directive 2007-3 and that state police violated this directive, Calla-Collado fails to demonstrate that this alleged violation prejudiced his interests that were protected by the regulation. AG Directive 2007-3 was established to adopt uniform and efficient enforcement of the criminal law that does not undermine the prohibitions on racially-influenced policing. See AG Directive 2007-3 at 2-3. In contrast, Calla-Collado was arrested for driving while intoxicated after he struck another vehicle, curb, traffic sign, and utility pole. Thus, Calla-Collado's motion to withdraw the pleadings was properly denied.[8]

---

[6] Directive 2007-3 states that "[w]hen a . . . State law enforcement officer makes an arrest . . . for driving while intoxicated, the arresting officer or a designated officer, as part of the booking process, shall inquire about the arrestee's citizenship, nationality and immigration status." Attorney General Law Enforcement Directive No. 2007-3, 3 (August 22, 2007), http://www.nj.gov/lps/dcj/agguide/directives/dir-le_dir-2007-3.pdf.

[7] Although the BIA failed to analyze this issue in its opinion, we will address this claim as the outcome is clear as a matter of law. See Mahmood, 427 F.3d at 252-53.

[8] Because we have determined that the pleadings should not be terminated even if the state police violated AG Directive 2007-3, additional information relating to Calla-Collado's arrest is unnecessary. Therefore, the BIA did not abuse its discretion by affirming the IJ's denial of the motion for continuance or by not requiring the IJ to compel document production, as the purpose of these requests was to obtain information and documents regarding the arrest to support Calla-Collado's argument to withdraw the pleadings.

5

Third, Calla-Collado argues that his transfer to Louisiana was egregious, violating his constitutional rights. He asserts that the transfer was arbitrary because he had no contacts in Louisiana. Therefore, he claims that he was forced to obtain less effective counsel, was unable to present evidence crucial to his case, and was coerced to admit his alienage to secure a change of venue. Congress vested the Department of Homeland Security with authority to enforce the nation's immigration laws. See 6 U.S.C. § 202. Thus, ICE "necessarily has the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, to transfer aliens from one detention center to another." Gandarillas-Zambrana v. Bd. of Immigration Appeals, 44 F.3d 1251, 1256 (4th Cir. 1995) (citations omitted); see 8 U.S.C. § 1231(g)(1). An alien is guaranteed the right to counsel and the right to present witnesses and evidence at his deportation proceedings. Gandarillas-Zambrana, 44 F.3d at 1256. An alien, however, does not have the right to be detained where he believes his ability to obtain representation and present evidence would be the most effective. See id.

Calla-Collado's detention in Louisiana did not violate his constitutional rights. He had the same rights and privileges at his deportation proceeding, whether in New Jersey or Louisiana. See id. He could have presented evidence or obtained different counsel at his Louisiana deportation proceeding. He instead chose to retain who he believed was "less effective" counsel, concede the allegations, and request a change of venue. Further, he has not demonstrated any practical prejudice resulting from the November 2007 deportation hearing's location in Louisiana. Calla-Collado does not specify what evidence or witnesses he would have presented had the Louisiana hearing taken place in

6

New Jersey.  Moreover, he does not argue that the allegations in the NTA are incorrect. Accordingly, the BIA correctly concluded that DHS did not violate Calla-Collado's rights by transferring him from a detention facility in New Jersey to a detention facility in Louisiana.

For the foregoing reasons, we will deny the petition for review.